UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-290

| | | |
|---|---|---|
| **ELIJAH MACK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Amended Motion for Summary Judgment (Doc. No. 8) and Commissioner's Motion for Summary Judgment (Doc. No. 9). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on December 15, 2014, alleging a disability onset date of December 15, 2014. Plaintiff subsequently amended his alleged onset date to January 22, 2015. Plaintiff's claim was denied both initially and on reconsideration. Thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After reviewing the record and conducting an in-person hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

1

Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II.    Factual Background

In his decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date (Tr. 22).  At the second step, the ALJ concluded that Plaintiff has the following combination of severe impairments: degenerative disease of the lumbar spine, degenerative joint disease of the hips, degenerative joint disease of the knees, status post fractures on the lower back, pelvis, and lower extremities, organic brain disorder secondary to traumatic brain injury, affective disorder, and anxiety disorder.  *Id.*  At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 23). However, in reaching this determination the ALJ did find that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace.  (Tr. 26).

The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform light work with the following limitations:

> except that [Plaintiff] could stand and/or walk 4 out of 8 hours; frequently operate foot controls with the right lower extremity; frequently climb ramps/stairs, occasionally climb ladders, ropes, and scaffolds, frequently stoop, and occasionally kneel, crouch, and crawl; perform simple, routine, repetitive tasks; have his time off task accommodated by normal breaks; have occasional public interaction; and tolerate few changes in the routine work setting.

(Tr 27).  As a result, the ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work.  (Tr. 45).  However, at the fifth step, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including wiper, marker, and electronic worker.  (Tr. 45–46).  Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

**III.     Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV.     Discussion**

Plaintiff raises four challenges to the ALJ's decision: (1) that the ALJ did not perform a proper function-by-function analysis in assessing Plaintiff's RFC, (2) that the ALJ's hypothetical question to the vocational expert (VE) was not proper, (3) that the ALJ did not properly consider Plaintiff's subjective allegations, and (4) that the ALJ did not properly consider the opinion of Plaintiff's treating physician.

Plaintiff's second claim, that the ALJ's hypothetical question to the VE was improper, asserts that the RFC's use of the phrase "simple, routine, repetitive tasks" was insufficient in that it failed to consider his moderate limitations in concentration, persistence, or pace.  This Court agrees and remands on this basis.

In *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence,

and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). "The ability to perform simple tasks differs from the ability to stay on pace. Only the later limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.*

Defendant argues that the hypothetical question—and thus the RFC determination—was proper because the ALJ also noted that Plaintiff could have only occasional interaction with the public, could tolerate few changes in work routine setting, and could be accommodated by normal breaks. Additionally, Defendant argues that the ALJ adequately explained how his findings translated into the work-related limitations in the RFC finding.

However, an application of *Mascio* to the record here shows that the ALJ did not adequately take into account Plaintiff's moderate limitations in concentration, persistence, and pace. Although the accommodation for normal breaks may reflect Plaintiff's limitation in concentration, it does not account for a moderate limitation in pace. Restricting a claimant to a "non-production pace," "an environment that does not involve assembly line pace," or a "low production setting" would sufficiently account for limitations in pace, but no similar restriction was given here. *See, e.g.*, *White v. Colvin*, No. 3:14-cv-722, 2016 WL 1123103, at *4 (W.D.N.C. Apr. 21, 2016); *Taylor v. Colvin*, No. 3:14-cv-510, 2016 WL 1032345, at *7 (W.D.N.C. Mar. 15, 2016).

Further, even if it an ALJ's RFC is well-explained and otherwise supported by substantial evidence, a limitation to simple tasks or instructions cannot "account for a limitation in concentration, persistence or pace." *Mascio*, 780 F.3d at 638. Rather, only if the ALJ found that the concentration, persistence, or pace limitation does not affect Plaintiff's ability to work "would [it] have been appropriate to exclude it from the hypothetical tendered to the vocational expert."

*Id.* Here, there is no indication that the ALJ found that Plaintiff's ability to work was not impacted by his moderate limitations in concentration, persistence, or pace.

Thus, the undersigned concludes that this matter should be remanded for a new hearing.

## V.    Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of the proceedings, Plaintiff's motion and briefs, Commissioner's responsive pleadings, and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's residual functional capacity, the case must be remanded.  Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)    the decision of the Commissioner, denying the relief sought by Plaintiff, is
**VACATED**;

(2)    the Plaintiff's Amended Motion for Summary Judgment (Doc. No. 8) is
**GRANTED**; and

(3)    the Commissioner's Motion for Summary Judgment (Doc. 9) is **DENIED**; and

(4)    the matter is hereby **REMANDED** for further consideration.

Signed: September 27, 2017

Graham C. Mullen
United States District Judge

5